GEORGE A. SMITH *vs.* JOHN B. SMITH.

Androscoggin.    Opinion April 25, 1904.

*Tenants in Common.    Landlord and Tenant,*
when the relation does not exist.

Tenants in common may contract with each other concerning the use of the common property, and one tenant in common can make a valid agreement with his co-tenant to pay him for the use of his undivided share.  They also have the undoubted right to create the relation of landlord and tenant between themselves by an express oral agreement to that effect.

But such a contract, like all other true contracts, could only exist by virtue of the mutual intention and agreement of the parties.  The mere fact that one tenant in common who is permitted to have the exclusive occupation of the entire property agrees to pay his co-tenant a reasonable compensation for the use of his undivided share, is not sufficient in itself to make his occupancy that of a tenant at will.

Neither would an agreement by one tenant in common to pay to his co-tenant a specific sum as his share of the monthly income of the property, even though the term "rent" were employed to signify such share, necessarily establish the relation of landlord and tenant unless it was so understood and agreed.

*Held ;* that the evidence in this case failed to show any intention on either side to establish the ordinary relation of landlord and tenant between the parties, and that it would not have warranted the jury in finding that such a relation existed.

Exceptions by plaintiff.    Overruled.

Assumpsit on account annexed by one tenant in common against another for use and occupation.

The case appears in the opinion.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for plaintiff.

The effect of the ruling of the presiding justice was to take the question of the relation of the parties, whether that of landlord and tenant or not, entirely from the jury.   But if the facts are such that a jury may find that the understanding between the parties is that one shall occupy the whole property and shall pay the other rent

for it, then they may properly find that the relation of landlord and tenant exists. Freeman on Co-tenants, § 268; Taylor Landlord & Tenant, § 115, note and cases cited. 2nd ed. Woodf. Landlord & Tenant, p. 166; *Luther* v. *Arnold,* 8 Richardson (So. Car.) 24, 62 Am. Dec. 422; *Snelgar* v. *Henston,* Cro. Jac. 611; *Cahoon v. Kinen,* 42 Ohio, 190; *Chapin* v. *Foss,* 75 Ill. 280; *Linn* v. *Ross,* 10 Ohio, 412, 36 Am. Dec. 95; *Wilbur* v. *Wilbur,* 13 Met. 404; *Kites* v. *Church,* 142 Mass. 587; English Ruling Cases—(Landlord & Tenant,) p. 579.

The cases are numerous and uniform that under such circumstances the tenant is not entitled to abatement. *Fowler* v. *Bott,* 6 Mass. 63; *Phillips* v. *Stevens,* 16 Mass. 238; *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417; *Bigelow* v. *Collamore,* 5 Cush. 226; *Davis* v. *Alden,* 2 Gray, 309; *Baker* v. *Holtpzaffell,* 4 Taunt. 45; *Lofft* v. *Dennis,* 28 L. J. Q. B. 168; English Ruling Cases, Title Landlord and Tenant, p. 483 ff; *Kramer* v. *Cook,* 7 Gray, 550; *Wells* v. *Calnan,* 107 Mass. 514, 9 Am. Rep. 65; *Leavitt* v. *Fletcher,* 10 Allen, 119; *Hill* v. *Woodman,* 14 Maine, 38; *Gregor* v. *Cady,* 82 Maine, 131, 17 Am. St. Rep. 466; *O'Leary* v. *Delaney,* 63 Maine, 584; *Barrett* v. *Boddie,* 158 Ill. 476, 49 Am. St. Rep. 172; *Smith* v. *McLean,* 123 Ill. 210; *Chamberlain* v. *Godfrey,* 50 Ala. 530; *Wall* v. *Hinds,* 4 Gray, 256, 64 Am. Dec. 64.

*D. J. McGillicuddy and F. A. Morey,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is an action of assumpsit on account annexed, and a special count for the use and occupation of a store. One of the items in the account annexed was for "seven months' rent of undivided half of building and land on Main St. Lewiston, from June 1, 1902, to January 1, 1903, at an agreed price of $20.50 per month." The building named in this item, with the land on which it stands, was owned by the parties as tenants in common, and occupied by the defendant in the conduct of his business of piping and plumbing.

It appears that in 1898 the defendant, in consideration that he should have the sole occupation of the building, and that the plaintiff should bear a certain proportion of the expense of making the changes necessary to adapt the building to his purposes, agreed to pay the plaintiff the sum of $20.50 per month for the use of his undivided half interest in the property. It was not in controversy that thereafter the defendant paid to the plaintiff's agent this sum of $20.50 a month until June, 1902 when in consequence of damage by fire the building was partially unfitted for the uses of the defendant's business, and he refused to continue the payment of the full amount of $20.50 per month, on the ground that it was more than the occupation of the plaintiff's share was reasonably worth during the process of repair when the building was not in a suitable condition for the defendant's use. But the plaintiff claimed that the relation of landlord and tenant existed between the parties, and that in the absence of any special agreement to that effect there should be no abatement of the "rent" on account of injuries from fire. Thereupon the plaintiff's counsel requested an instruction to the jury that if it was "mutually agreed that the defendant should pay rent to the plaintiff of $20.50 a month, and defendant then took possession of the premises under said agreement, they may find that the relation of landlord and tenant was created," and that there would be no abatement of rent.

The presiding judge declined to give the rule requested, but instructed the jury "that during the time of the repairs and while the building was not in a condition for convenient and full occupancy, George A. Smith would be entitled to recover only what the use of it in its then condition was fairly worth." The jury found that the use of the plaintiff's share was worth much less during the three months while the building was undergoing repairs. The case comes to this court on exceptions to the instructions given and the refusal to instruct as requested.

The characteristic feature of a tenancy in common is the unity of possession by which the owners hold the common property. Each tenant is considered to be solely or severally seized of his share, and the possession of one tenant in common is the possession of the others.

Each is entitled equally with all the others to the entire possession of the whole property, and every part of it, and no one has exclusive right to the whole or to any part of it. Each has the right to occupy the whole if his co-owners do not choose to enter and occupy with him. 4 Kent's Com. 420; 1 Wash. Real Prop. 430. In consequence of this unity of interest tenants in common sustain a sort of fiduciary relation to each other. Thus, improvements upon the common property made by one co-tenant will inure to the benefit of all, and one tenant in common is not authorized to make any contracts or perform any acts in relation to the common estate that will injuriously affect the rights of his co-tenant. 17 Am. & Eng. Enc. of Law, p. 668; *Morrison v. Clark*, 89 Maine, 103, 109, 56 Am. St. Rep. 395.

But with respect to his undivided share each co-tenant has substantially all the rights which a tenant in severalty would have except that of sole and exclusive possession. It is entirely competent for one tenant in common to make a lease of his undivided share to his co-tenant, and he may contract with him for that purpose as with a stranger. Taylor's Land. & Tenant, § 115. Tenants in common may otherwise contract with each other concerning the use of the common property, and one tenant in common is obviously entitled to make a valid agreement with his co-tenant to pay him for the use of his undivided share. They also have the undoubted right to create the relation of landlord and tenant between themselves by an express oral agreement to that effect. But such a contract, like all other true contracts, could only exist by virtue of the mutual intention and agreement of the parties. The mere fact that one tenant in common, who is permitted to have the exclusive occupation of the entire property, agrees to pay his co-tenant a reasonable compensation for the use of his undivided share, is not sufficient in itself to make his occupancy that of a tenant at will. It would not necessarily create the relation of landlord and tenant if, instead of agreeing in terms that the tenant in possession should pay what the use of the undivided share was reasonably worth, the parties should by mutual agreement fix the precise sum which he should pay to his co-tenant as his share of the monthly income of the property. Nor would the employment of the

more convenient but less accurate term "rent" to signify a share of monthly income, establish the existence of the relation of landlord and tenant, unless it was so understood and agreed.

In the case at bar the only evidence to support the plaintiff's contention that the relation of landlord and tenant existed between the parties, is the testimony of the plaintiff's agent, Mr. Pulsifer, who made the arrangement with the defendant for the payment of $20.50 per month for the use of the plaintiff's undivided half. This testimony is to be construed with reference to the situation of the parties and their respective rights as tenants in common. The defendant was in possession of the entire property and is presumed to have known that he was only required by law to pay his co-tenant what the use of his share was reasonably worth. It is improbable that he intentionally entered into any agreement that would render him liable to pay more than that in case of a partial destruction of the building by fire. It appears that prior to 1898 the defendant had been paying $15.50 per month, and Mr. Pulsifer testifies that in consideration that the plaintiff would contribute $100 towards the improvements desired, the defendant made the "proposition to pay five dollars a month more for rent," and that the plaintiff accepted this offer "to pay $20.50 a month on those conditions." But in stating this proposition, Mr. Pulsifer does not claim that he is giving the exact language of the defendant. It does not distinctly and satisfactorily appear that the defendant ever used the word "rent" at all during the negotiations. It is not pretended that any express reference was made by either party to the question of a tenancy at will.

There is no evidence of any intention on either side to establish the ordinary relation of landlord and tenant between the parties, and it is the opinion of the court that the evidence would not have warranted the jury in finding that such a relation existed. The rulings and instructions of the presiding judge were correct.

*Exceptions overruled.*